UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMIE LEE NAEGELE,
 Petitioner,

vs.

WARDEN, MARION
CORRECTIONAL INSTITUTION,
 Respondent.

Case No. 1:13-cv-528

Spiegel, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Marion Correctional Institution in Marion, Ohio, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 5). This matter is before the Court on respondent's motion to dismiss the petition on the ground that it is time-barred under 28 U.S.C. § 2244(d). (Doc. 10).[1] Petitioner has filed a brief opposing respondent's motion. (Doc. 11).

## I. PROCEDURAL HISTORY

### State Trial Proceedings

In October 1991, the Clermont County, Ohio, grand jury returned an indictment charging petitioner with one count of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4) and one count of rape in violation of Ohio Rev. Code § 2907.02(A)(2). (Doc. 10, Ex. 1). The Ohio Court

---

[1] Also pending before the Court is petitioner's non-dispositive motion to amend the petition (Doc. 9), which has been granted in a separate Order issued this date. The amendment to the petition, supplementing the claim alleged in Ground One with additional case-law support, does not affect this Court's determination herein that Ground One is subject to dismissal because it is barred from review by the one-year statute of limitations governing that claim.

of Appeals, Twelfth Appellate District, has provided the following summary of the facts that led to petitioner's indictment:

> The testimony at trial revealed the victim, Angela S., was first introduced to appellant at approximately 12:00 a.m. on October 3, 1991 outside a convenience store by two mutual friends, Chris McManus and Paul Jenkins. At that time, the victim declined her friends' request to go drinking and instead went back to her apartment. Several hours later, Jenkins, McManus and appellant met the victim outside a liquor establishment where the victim had gone to look for a friend. She was subsequently persuaded to accompany appellant in his automobile as he drove Jenkins and McManus home.
>
> After discharging both men, appellant drove the victim throughout the Eastgate area of Clermont County, eventually arriving at the intersection in front of the apartment complex where he resided. As he approached the intersection, appellant entered the left turn lane, a route that if taken would have led back to the liquor establishment where the victim's automobile was located. Instead of making a left turn, however, appellant drove straight and entered the complex, explaining that he needed to use his telephone. Once inside the complex, appellant parked in a car stall that was not assigned to him. After exiting the automobile, he led the victim through the grounds of the complex, traversing both a hill and a gully. Upon being questioned as to the path they were taking, appellant lied to the victim and told her the car stall where he had parked was his assigned parking spot.
>
> Appellant and the victim eventually made their way to the apartment, which they entered through the back door. They then smoked some marijuana together, drank beer and went upstairs to appellant's bedroom and talked. Thereafter, the victim testified, she was raped by appellant. Appellant, on the other hand, testified that they engaged in consensual sexual intercourse during which the victim "freaked out" and screamed incessantly. Following the incident, the victim contacted the police from another apartment in the complex, whereupon appellant was apprehended.

(*Id.*, Ex. 10, pp. 2-3).[2]

The matter proceeded to trial before a jury, which found petitioner guilty as charged. (*See*

---

[2] The Ohio appellate court summarized the facts based on evidence presented at petitioner's trial in a decision issued on February 16, 1993, affirming the trial court's judgment of conviction and sentence. (*See* Doc. 10, Ex. 10).

2

*id.*, Ex. 3). On May 27, 1992, the trial court issued a final judgment entry sentencing petitioner to concurrent prison terms of eight (8) to twenty-five (25) years for the two criminal offenses. (*Id.*, Ex. 5).

### State Direct Appeal

With the assistance of his trial counsel, petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District, raising the following assignments of error in his appellate brief:

1. The trial court erred to the substantial prejudice of Defendant-Appellant by overruling the Rule 29 motion when there was no testimony as to a separate animus as to kidnapping.

2. The trial court erred to the substantial prejudice of Defendant-Appellant by instructing the jury on the kidnapping charge.

3. The trial court erred to the substantial prejudice of Defendant-Appellant by failing to find reasonable doubt of guilt, as against the manifest weight of the evidence.

4. The trial court erred to the substantial prejudice of Defendant-Appellant by failing to stop jury deliberations when the jury announced it was "hung" and by failing to recognize that the jury was at sea, given the questions returned during deliberations.

(*Id.*, Exs. 6-7).

On February 16, 1993, the Ohio Court of Appeals overruled petitioner's assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 10). Petitioner apparently did not pursue an appeal from that decision to the Ohio Supreme Court. (*Id.*, Brief, p. 4 & Ex. 31).

### Application For Delayed Reconsideration/Reopening Of Appeal

Over seven months later, on September 23, 1993, petitioner filed a *pro se* application pursuant to Ohio R. App. P. 26(A) and 26(B) with the Ohio Court of Appeals, Twelfth Appellate

3

District, requesting that the court "reconsider and/or reopen his original appeal." (Doc. 10, Ex. 11). In the application, petitioner contended that he was denied the effective assistance of counsel on appeal because his attorney, who also served as trial counsel, did not raise the following claims as assignments of error in the appellate brief: (1) ineffective assistance of counsel; (2) prejudicial error stemming from the trial court's failure "to set aside the verdict when clearly it was against the manifest weight of the evidence"; and (3) violation of the "prohibition against multiple punishments for the same offense" set forth in the Fifth Amendment's Double Jeopardy Clause because the kidnapping and rape charges were not merged for sentencing purposes as allied offenses of similar import under Ohio Rev. Code § 2941.25(A). (*See id.*).

On December 8, 1993, the Ohio Court of Appeals denied petitioner's application, which it construed as an application for reopening under Ohio R. App. P. 26(B). (*Id.*, Ex. 13). It appears that petitioner did not pursue an appeal from that decision to the Ohio Supreme Court. (*Id.*, Brief p. 5 & Ex. 31).

### First State Post-Conviction Petition

Petitioner took no further action to challenge his conviction or sentence until nearly three years later, when on September 23, 1996, he filed a *pro se* petition for post-conviction relief and request for evidentiary hearing with the Clermont County Court of Common Pleas. (*Id.*, Ex. 14). In the petition, petitioner claimed that his "Constitutional rights were violated by the enactment of R.C. §2929.14, that is, the wording of S.B.2 and 269," because if he had been "sentenced after July 1, 1996, [he] would have been sentenced to a period of not more than 10 years." (*See id.*).

On March 4, 1997, the trial court overruled petitioner's motion for post-conviction relief on the ground that the "new law," which was applicable only to "offenses committed on or after

4

July 1, 1996," did not apply to petitioner's sentence imposed prior to July 1, 1996. (*Id.*, Ex. 15). The court also held that "[p]rospective application of the new law does not violate a defendant's constitutional equal protection rights." (*Id.*, p. 2). It appears from the record that petitioner did not pursue an appeal from that ruling in the state courts.

### Second State Post-Conviction Petition

Over fifteen years later, on May 31, 2012, petitioner filed another *pro se* motion entitled "Motion To Vacate And Set Aside Void Sentence Pursuant To R.C. 2941.25" with the Clermont County Court of Common Pleas. (Doc. 10, Ex. 16). In that pleading, petitioner contended that the sentence imposed in May 1992 was void because "Defendant was not afforded an allied offense hearing, nor did his final journal entry set forth a summary of his duties or of th[eir] durations pursuant to R.C. 2929.13(I), nor was Defendant advised of his right to appeal." (*See id.*). On June 28, 2012, the trial court denied petitioner's motion "[p]ursuant to the Decision in *State v. Becker*, 12th Dist.No.CA2001-11-089, 2002-Ohio-5509." (*Id.*, Ex. 18).

Petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District, asserting as assignments of error that (1) "Trial Court erred in not advising of right to appeal"; (2) "Trial Court erred when convicting of charges that were to be merged as allied offenses of similar import pursuant to Ohio Revised Code 2941.25 without a hearing"; and (3) "Trial Court erred by not allowing a fair and full considerate hearing on motion to vacate and set aside sentence." (*Id.*, Exs. 20-21).

On December 28, 2012, the Ohio Court of Appeals issued a Judgment Entry overruling petitioner's assignments of error and affirming the trial court's judgment. (*Id.*, Ex. 24). The court reasoned in pertinent part:

5

> Appellant's motion to "vacate and set aside void sentence" should be construed as a postconviction relief petition. R.C. 2953.21. . . . Consequently, the trial court lacked jurisdiction to consider appellant's motion because it is a successive petition for postconviction relief and it failed to meet the requirements outlined by R.C. 2953.23. *State v. Becker*, 12th Dist. No. CA2001-11-089, 2002-Ohio-5509. Furthermore, appellant's first assignment of error lacks merit, because while appellant asserts that the trial court did not notify him of his right to appeal his original conviction as required by Crim.R. 32(B), he actually did appeal. Consequently, there is no reversible error. . . . Appellant's second assignment of error also lacks merit, because appellant should have raised the issue of allied offenses in his direct appeal, which is now barred by res judicata. . . . Finally, appellant's third assignment of error lacks merit, because the trial court was not required to hold a hearing on the motion as it did not have jurisdiction.

(*Id.*).

Thereafter, on February 28, 2013, petitioner filed a *pro se* motion to reopen the appeal pursuant to Ohio R. Civ. P. 60(B), which was denied by the Ohio Court of Appeals on March 20, 2013. (*Id.*, Exs. 25-26).

Petitioner filed an appeal to the Ohio Supreme Court from the appellate court's December 28, 2012 and March 20, 2013 decisions. (*Id.*, Ex. 27). In his memorandum in support of jurisdiction, petitioner raised the same three claims that were presented to and decided by the Ohio Court of Appeals in its December 28, 2012 entry affirming the trial court's denial of his post-conviction motion. (*See id.*, Ex. 28; *see also* Ex. 21). On June 5, 2013, the Ohio Supreme Court declined jurisdiction of the appeal. (*Id.*, Ex. 30).

## Federal Habeas Corpus Petition

Petitioner initiated the instant federal habeas action in July 2013, when he filed an *in*

6

*forma pauperis* application with the Court. (*See* Doc. 1).³ In the petition, petitioner alleges the following grounds for relief:

> **GROUND ONE:** THE TRIAL COURT ABUSED ITS DISCRE[]TION WHEN SENTENCING PETITIONER TO CRIMES THAT WERE TO BE CONSIDERED AS ALLIED OFFENSES OF SIMILAR IMPORT AND BY DENYING PETITIONER SAID HEARING IN VIOLATION OF THE 5TH AND 14TH AMENDMENT[S] OF THE UNITED STATES CONSTITUTION.
>
> **GROUND TWO:** THE TRIAL COURT ERR[]ED BY DENYING PETITIONER HIS RIGHT TO DUE PROCESS UNDER THE 5TH AND 14TH AMENDMENT[S] OF THE UNITED STATES CONSTITUTION BY FAILING TO ADVISE HIM OF HIS LIMITED RIGHT TO APPEAL.
>
> **GROUND THREE:** TRIAL COURT ERRED IN DENYING PETITIONER'S MOTION TO VACATE AND SET ASIDE VOID SENTENCE WITHOUT A FAIR AND FULL CONSIDERATE HEARING IN VIOLATION OF THE 5TH AND 14TH AMENDMENT[S] OF THE UNITED STATES CONSTITUTION.

(Doc. 5, pp. 6, 8, 10, 16, 20, 21).

In the motion to dismiss filed in response to the petition, respondent argues that the petition is subject to dismissal with prejudice because it is barred from review by the applicable one-year statute of limitations governing federal habeas petitions, which is set forth in 28 U.S.C. § 2244(d). (Doc. 10). Petitioner has filed a pleading opposing the motion to dismiss. (Doc. 11).

**II. RESPONDENT'S MOTION TO DISMISS (DOC. 10) SHOULD BE GRANTED BECAUSE GROUNDS ONE AND TWO ARE TIME-BARRED AND GROUND THREE IS NOT COGNIZABLE IN THIS FEDERAL HABEAS PROCEEDING**

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody

---

³ The filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988); *see also Miller v. Collins,* 305 F.3d 491, 497-98 (6th Cir. 2002); *Goins v. Saunders,* 206 F. App'x 497, 499 n.1 (6th Cir. 2006). Petitioner has not indicated when he placed his pleadings in the prison mailing system. However, the earliest he could have done so was July 24, 2013, which was the date on which petitioner signed his *in forma pauperis* application and his separate "Affidavit Of Indigency" was notarized. (*See* Doc. 1, pp. 4, 6).

7

pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

The limitations provisions set forth in § 2244(d)(1)(B) and § 2244(d)(1)(C) do not apply to the case-at-hand. Petitioner has not asserted a constitutional right that has been newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, nor has he alleged facts indicating that he was prevented from filing a timely habeas petition by any state-created impediment to filing. As discussed below, it appears that petitioner's first two grounds for relief, which arose when petitioner was sentenced in May 1992, are governed by the provision set forth in § 2244(d)(1)(A) and are subject to dismissal on statute-of-limitations grounds. In contrast, the claim alleged in Ground Three, which arose when the trial court denied petitioner's May 31, 2012 motion to vacate and set aside sentence without a hearing, is governed by § 2244(d)(1)(D). Although it appears that Ground Three is not time-barred under that provision, the claim should be dismissed on the alternative ground that it does not constitute a

8

cognizable ground for federal habeas relief.

   1. **<u>Grounds One and Two.</u>**

In Grounds One and Two of the petition, petitioner alleges that the trial court erred when he was sentenced in May 1992 by (1) failing to merge his convictions for kidnapping and rape as allied offenses of similar import or to hold a hearing on the issue, and (2) failing to advise him of his right to appeal in the sentencing entry. (Doc. 5, pp. 6, 8, 16, 20). The factual predicates for those claims arose at the time of the original sentencing proceeding and were discoverable in the exercise of due diligence before petitioner's conviction and sentence became final by the conclusion of direct review. Therefore, the applicable one-year limitations period governing the two grounds for relief is set forth in 28 U.S.C. § 2244(d)(1)(A), which began to run when petitioner's May 1992 conviction was rendered "final" by the conclusion of direct review or the expiration of time for seeking such review.

Here, petitioner's conviction became final on April 2, 1993, when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' February 16, 1993 direct appeal decision. *See* Ohio S.Ct.Prac.R. 6.01(A)(1). It is well-settled that prisoners like petitioner, whose convictions were finalized prior to the AEDPA's enactment on April 24, 1996, are entitled to a one-year grace period, from April 24, 1996 to April 24, 1997, in which to file a timely federal habeas petition. *See, e.g., Stokes v. Williams,* 475 F.3d 732, 734 (6th Cir. 2007) (per curiam); *Griffin v. Rogers,* 399 F.3d 626, 632 (6th Cir. 2005); *McSwain v. Davis*, 287 F. App'x 450, 452 (6th Cir. 2008). Therefore, the statute of limitations began to run in this case on April 24, 1996, and expired one year later on April 24, 1997, absent application of statutory or equitable tolling principles.

9

During the one-year grace period, petitioner was entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Holland v. Florida,* 560 U.S. 631, 635 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (per curiam); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). "The tolling provision does not, however, 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman,* 346 F.3d at 602 (quoting *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998)). Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*

In this case, during the one-year grace period, petitioner's filed his initial application for state post-conviction relief. The application, which was filed on September 23, 1996, was denied by the trial court on March 4, 1997. (*See* Doc. 10, Exs. 14-15). The undersigned assumes in petitioner's favor that the statute of limitations was tolled under § 2244(d)(2) during the pendency of that matter in the state courts, including the 30-day period in which petitioner could have appealed the trial court's ruling to the Ohio Court of Appeals. Therefore, the statute of limitations, which ran for 152 days after it commenced on April 24, 1996, was tolled from September 23, 1996 through April 3, 1997. The statute began to run again on April 4, 1997, one day after the expiration of the 30-day appeal period, and expired 213 days later on or about November 3, 1997. Neither petitioner's application for delayed reconsideration/reopening of the appeal nor petitioner's second post-conviction motion could serve to further toll the limitations period under § 2244(d)(2). The proceedings held on the application for delayed reconsideration/reopening concluded over two years before the statute of limitations was even

10

triggered in accordance with the one-year grace period, and the second post-conviction motion was filed over fourteen years after the statute had run its course.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 560 U.S. at 645, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *cert. denied*, 133 S.Ct. 187 (2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 560 U.S. at 649 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

In this case, petitioner has not shown that he was prevented by some extraordinary circumstance from seeking federal habeas relief based on the claims alleged in Grounds One and Two of the petition prior to the expiration of the limitations period in November 1997. Nor has petitioner demonstrated that the procedural bar to review should be excused based on a colorable showing of actual innocence. "To invoke the miscarriage of justice exception to AEDPA's statute

11

of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence." *McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. 1924, 1935 (2013) (quoting *Schlup v. Delo,* 513 U.S. 298, 327 (1995)).  Petitioner has presented no new evidence to support an actual innocence claim.  Although he has in the past challenged the sufficiency of evidence supporting his convictions, actual innocence means factual innocence, not mere legal insufficiency.  *House v. Bell,* 547 U.S. 518, 538 (2006); *Carter v. Mitchell,* 443 F.3d 517, 538 (6th Cir. 2006) (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998)); *Wright v. Lazaroff*, 643 F. Supp.2d 971, 989 (S.D. Ohio 2009) (Barrett, J.; Hogan, M.J.); *see also Vanwinkle v. United States,* 645 F.3d 365, 369 (6th Cir. 2011).

     Petitioner suggests in his opposition memorandum that the statute of limitations does not pose a bar to review of his claims because they raise jurisdictional issues that may be raised at any time.  (*See* Doc. 11).  However, even assuming that the claims alleged in Grounds One and Two are jurisdictional in nature as petitioner has suggested, habeas petitioners cannot evade the AEDPA's statute of limitations "by the simple expedient of arguing that [the challenged] conviction is void."  *Tackett v. Warden, Chillicothe Corr. Inst.*, No. 1:11cv450, 2012 WL 2094365, at *6 (S.D. Ohio June 11, 2012) (Bowman, M.J.) (Report & Recommendation) (quoting *Saunders v. Clarke,* No. 3:11cv170, 2012 WL 1580427, at *1 (E.D. Va. May 4, 2012); *Preston v. Thaler,* Civ. Act. No. H-10-1647, 2010 WL 3339225, at *3 (S.D. Tex. Aug. 23, 2010)), *adopted*, 2012 WL 3023260 (S.D. Ohio July 24, 2012) (Beckwith, J.).  In *Tackett, supra*, 2012 WL 2094365, at *6, the petitioner argued without success that the statute of limitations did not apply to bar review of his jurisdictional claims based on defects in the indictment, jury verdict, and final judgment entry.  *See also Worthy v. Warden, Chillicothe Corr. Inst.,* No. 2:12cv652, 2013 WL

4458798, at *2 (S.D. Ohio Aug. 19, 2013) (Sargus, J.) (citing *Frazier v. Moore*, 252 F. App'x 1, 4-5 (6th Cir. 2007), in rejecting the petitioner's contention that the statute of limitations did not apply because his convictions and sentences were rendered void by the amendment of his indictment without resubmission to the grand jury); *Golson v. Brunsman,* No. 3:08cv012, 2008 WL 1733154, at *2 (S.D. Ohio Apr. 14, 2008) (Rice, J.; Merz, M.J.) (in rejecting the petitioner's argument that his claim of jurisdictional defects was not barred from review by the AEDPA's statute of limitations, the court stated: "While it is true that a conviction entered by a court without jurisdiction is void, that does not imply that the statute of limitations enacted by Congress for habeas corpus actions does not apply to claims of lack of subject matter jurisdiction."); *Peoples v. Jackson,* No. 1:05cv573, 2007 WL 852229, at *4, *13 (S.D. Ohio Mar. 19, 2007) (Barrett, J.; Hogan, M.J.) (holding that the statute of limitations applied to bar review of the petitioner's claim of a "structural defect" that voided the judgment of conviction); *United States ex rel. Wahl v. Sims,* No. 08 CV 1383, 2009 WL 307965, at *2 (N.D. Ill. Feb. 5, 2009) (holding that the federal habeas petition was time-barred and not subject to equitable tolling "regardless of [the petitioner's] assertion that his indictment was void").  Like the petitioner in *Frazier* and other cases cited above, because petitioner "is in custody pursuant to a judgment of the Ohio courts, even if that judgment may not be valid under state law, he is subject to 28 U.S.C. § 2244(d)'s one year statute of limitations in filing his federal habeas petition." *See Frazier*, 252 F. App'x at 4-5.

Accordingly, in sum, the undersigned concludes that claims alleged in Grounds One and Two of the petition are barred from review by the one-year statute of limitations governing habeas corpus actions brought pursuant to 28 U.S.C. § 2254.  Under the applicable provision set forth in 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction and sentence became "final" in April 1993,

13

three years before the AEDPA's enactment on April 24, 1996. Therefore, petitioner was entitled to a one-year grace period, from April 24, 1996 to April 24, 1997, in which to file a timely federal habeas petition. Taking into account statutory tolling of the limitations period during the pendency of petitioner's initial post-conviction petition in the state courts, the statute of limitations expired in November 1997. Equitable tolling principles do not apply in this case to further extend the limitations period or to otherwise avoid the statute of limitations bar to review. The instant action commenced well over fifteen years after the statute of limitations had run its course. Therefore, respondent's motion to dismiss Grounds One and Two of the petition as time-barred (Doc. 10) should be **GRANTED**.

   2. **Ground Three.**

In Ground Three of the petition, petitioner challenges the trial court's failure to hold a hearing on his latest post-conviction motion to vacate and set aside sentence, which was filed in May 2012. (*See* Doc. 5, pp. 10, 21; *see also* 10, Ex. 16). The factual predicate of the claim did not arise until the trial court denied the motion on June 28, 2012 without a hearing. (*See* Doc. 10, Ex. 18). Therefore, the claim is governed by the limitations provision set forth in 28 U.S.C. § 2244(d)(1)(D), which did not start to run until petitioner received notice of the June 28, 2012 decision. The limitations period was further tolled under § 2244(d)(2) at least during the pendency of petitioner's timely appeal to the Ohio Court of Appeals, which concluded on December 28, 2012. (*See id.*, Ex. 24). Because the instant petition was filed seven months later in July 2013, within the one-year time frame, the claim alleged in Ground Three is not time-barred.

   Nevertheless, dismissal of the remaining ground for relief is warranted at this stage of the

14

proceedings because petitioner has not stated a cognizable claim for federal habeas relief in Ground Three of the petition. Petitioner's allegations of deficiencies in a state collateral review proceeding fall outside the scope of federal habeas review because they involve "'collateral matters' as opposed to 'the underlying state conviction giving rise to the prisoner's incarceration.'" *Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007) (quoting *Kirby v. Dutton*, 794 F.2d 245, 247-48 (6th Cir. 1986)) (involving claim challenging the denial of the opportunity to present recantation evidence in a state post-conviction proceeding); *see also Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002).

In any event, in this case, the Ohio Court of Appeals concluded that the trial court was not required to hold a hearing because it lacked jurisdiction to even consider the successive petition filed over nineteen years after petitioner's May 1992 conviction and sentence were affirmed on direct appeal. (*See* Doc. 10, Ex. 24 & Exs. 5, 10, 14-15). The state court's ruling on a state-law question is outside the scope of this Court's review, which is limited to consideration of claims alleging a violation of "the Constitution or laws or treaties of the United States," as opposed to "perceived error[s] of state law." *See* 28 U.S.C. § 2254(a); *see also Wilson v. Corcoran,* __ U.S. __, 131 S.Ct. 13, 16 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions"); *Pulley v. Harris,* 465 U.S. 37, 41 (1984).

Accordingly, respondent's motion to dismiss (Doc. 10) should be **GRANTED** with respect to Ground Three of the petition on the alternative ground that the claim alleged therein is not cognizable in this federal habeas proceeding.

15

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 10) be **GRANTED**, and petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 5) be **DISMISSED** with prejudice because Grounds One and Two of the petition are time-barred under 28 U.S.C. § 2244(d) and Ground Three does not state a cognizable claim for federal habeas relief.

2. A certificate of appealability should not issue with respect to the claims alleged in Grounds One and Two of the petition, which this Court has concluded are barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in Slack v. *McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[4]

A certificate of appealability also should not issue with respect to the claim alleged in Ground Three, which does not appear to be barred from review on a procedural ground, because "jurists of reason" would not find it debatable whether the claim "should have been resolved in a different manner" or that the issues presented therein are "adequate to deserve encouragement to proceed further." *See Slack,* 529 U.S. at 483-84 (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)); *see also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

---

[4] Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in his time-barred grounds for relief. *See Slack,* 529 U.S. at 484. However, it is noted that as the Ohio Court of Appeals pointed out in affirming the denial of petitioner's second post-conviction petition, the claim alleged in Ground Two does not pose any constitutional concerns because despite the alleged lack of notice of his right to an appeal, petitioner exercised that right in this case. (*See* Doc. 10, Ex. 24 & Exs. 6-7).

this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

                                      s/Stephanie K. Bowman_____
                                      Stephanie K. Bowman
                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMIE LEE NAEGELE,                          Case No. 1:13-cv-528
    Petitioner,

                                                    Spiegel, J.
vs                                                Bowman, M.J.

WARDEN, MARION
CORRECTIONAL INSTITUTION,
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), WITHIN 14 DAYS after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections WITHIN 14 DAYS after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

cbc