```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

```
JAMIE LEE NAEGELE,              :     No. 1:13-cv-00528
                                :
        Petitioner,              :
                                :
     v.                          :     OPINION AND ORDER
                                :
WARDEN, MARION                   :
CORRECTIONAL INSTITUTION         :
                                :
        Respondent.              :
```

This matter is before the Court on the May 16, 2014 Report and Recommendation of Magistrate Judge Stephanie K. Bowman (doc. 12), to which Petitioner has timely objected (docs. 15, 16 & 17). For the reasons that follow, we ACCEPT the recommendations of the Magistrate Judge and DISMISS WITH PREJUDICE Petitioner's petition.

**I. Background and the Magistrate Judge's Report & Recommendation**

On April 22, 1992, a Clermont County, Ohio jury found Petitioner guilty of one count of kidnapping in violation of Ohio Rev. Code § 2905.01(A)(4) and one count of rape in violation of Ohio Rev. Code § 2907.02(A)(2) (see doc. 10-1, Exhs. 3 & 4). Thereafter, on May 26, 1992 the state trial court sentenced Petitioner to prison terms of eight (8) to twenty-five (25) years for each of the two offenses, to be served concurrently (see doc. 10-1, Exh. 5).

The instant federal habeas corpus petition raises three grounds for relief (see doc. 5 at 6, 8, 10, App-A, App-E & App-F). The first asserts that the state trial court abused its discretion and denied Petitioner due process when it sentenced him for the commission of two separate crimes (kidnapping and rape) that instead should have been merged as allied offenses of similar import. The second argues that the state trial court also denied him due process when it failed to advise him in writing of his right to appeal in its "Judgment Entry Sentencing Defendant" (doc. 10-1, Exh. 5). The third claims that the state trial court's denial (doc. 10-1, Exh. 18) of Petitioner's May 31, 2012 motion to vacate and set aside his (May 1992) sentence (doc. 10-1, Exh. 16), a ruling affirmed on appeal by the Court of Appeals, Twelfth Appellate District (doc. 10-1, Exh. 24)[1], constituted yet another due process violation. Respondent filed a motion to dismiss the petition, urging that all three grounds are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). In the alternative, Respondent maintains that none of the three claims

---

[1] Petitioner filed a motion to reopen his appeal pursuant to Ohio R. Civ. P. 60(B) (doc. 10-1, Exh. 25), which was denied (doc. 10-1, Exh. 26). He appealed this decision of the Twelfth Appellate District, as well as its decision affirming the state trial court's denial of his motion to vacate and set aside his (May 1992) sentence (doc. 10-1, Exh. 24), to the Supreme Court of Ohio, which declined to exercise jurisdiction (doc. 10-1, Exh. 30).

are cognizable inasmuch as no federal constitutional question is presented. (See doc. 10.)

The Magistrate Judge reports that Grounds One and Two are indeed time-barred under Section 2244(d)(1)(A) and recommends their dismissal on this basis (see doc. 12 at 7-14). She disagrees with Respondent's position that Ground Three is similarly time-barred, and reports instead that it is timely filed pursuant to Section 2244(d)(1)(D) (see doc. 12 at 14). The Magistrate Judge nonetheless recommends dismissal, determining that Ground Three is not cognizable because it alleges a deficiency in state post-conviction proceedings, and, according to Sixth Circuit precedent, such errors "are outside the scope of federal habeas review." Cress v. Palmer, 484 F.3d 844, 853 (6th Cir. 2007) (citing Kirby v. Dutton, 794 F.2d 245, 246-47 (6th Cir. 1986)); see Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002). In addition, she notes that the Twelfth Appellate District's conclusion that the state trial court lacked jurisdiction to hold the hearing to which Petitioner claims he is entitled is a state-court determination of a state-law question, likewise outside the scope of this Court's review. Wilson v. Corcoran, 131 S. Ct. 13, 16 (2010) ("'[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'" (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)); see 28 U.S.C. § 2254(a).

3

**II. Discussion**

In his Objections, Petitioner concedes that Grounds One and Two are time-barred (doc. 17 at 2). He takes issue, though, with the Magistrate Judge's determination that his claim asserted within Ground Three is not cognizable. He argues, again, that State v. Johnson, 128 Ohio St. 3d 153, 2010-Ohio-6314, 942 N.E.2d 1061 compels the conclusion that his convictions of kidnapping and rape should have been merged for sentencing purposes as allied offenses of similar import under Ohio Rev. Code § 2941.25(A). Moreover, he argues, again, that his motion to vacate and set aside his (May 1992) sentence should not have been characterized by the state trial and appellate courts as a "successive" petition for post-conviction relief, thus rendering it beyond federal habeas review.

Petitioner's arguments are not well-taken. He noticeably does not address the Twelfth Appellate District's opinion in State v. Becker, No. CA2001-11-089, 2002 WL 31296778 (Ohio Ct. App. Oct. 14, 2002). There Defendant Becker filed a motion to modify his sentence pursuant to Section 2941.25, which the state trial court denied. That judgment was upheld on appeal on the premise that "[a] motion to modify sentence, based on R.C. 2941.25, is a petition for post[-]conviction relief as statutorily defined." Id., at ¶ 4 (citing State v. Reynolds, 73 Ohio St. 3d 158, 679 N.E.2d 1131 (1997)). And because Defendant

4

Becker had already filed three earlier petitions for post-conviction relief—and his fourth one did not satisfy the jurisdictional requirements of Ohio Rev. Code § 2953.23[2] governing a "second" or "successive" petition—the trial court did not err in failing to entertain it. Becker, supra, 2002 WL 31296678, at ¶¶ 10, 11. In this case, Petitioner Naegele previously filed an initial petition for post-conviction relief, making his May 31, 2012 motion a "second" one, triggering an

---

[2] Ohio Rev. Code § 2953.23 reads in pertinent part:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the [one hundred eighty day] period [after the filing of the trial transcript] prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that <u>the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief</u>, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, <u>the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation</u>, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, <u>but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty</u> of the offense of which the petitioner was convicted . . . .
. . . .

(Emphasis added.)

5

analysis of whether the jurisdictional requirements of Section 2953.23 had been met. In Johnson, the case upon which Petitioner relies, the Supreme Court of Ohio clarified how Section 2941.25 should be applied with respect to merger for purposes of sentencing. The very nature of that clarification makes clear that the question of whether Johnson might[3] dictate a merger with respect to Petitioner's (May 1992) sentence falls outside the scope of permissible federal habeas review. Johnson plainly is a state-court decision on a question of state-statutory construction, as is Becker (relying on Reynolds). No federal constitutional violation is at issue; hence, the claim Petitioner brings is not cognizable under 28 U.S.C. 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution . . . of the United States[]") (emphasis added). Petitioner's objection to the Magistrate Judge's recommendation concerning Ground Three, therefore, is OVERRULED.

---

[3]The heading that precedes the section of the opinion on which Petitioner relies is titled, "D. Prospective analysis of allied offenses under R. C. 2941.25[.]" Johnson, supra, 128 Ohio St. 3d at 162, 942 N.E.2d at 1070 (emphasis added). While perhaps not entirely dispositive, in the abstract, inclusion of that adjective would seem to cut against the merits of Petitioner's argument for retroactive application.

6

**III. Conclusion**

This Court has considered carefully Petitioner's Objections (doc. 17), engaging in a de novo review of the issue he has raised. See 28 U.S.C. § 636(b)(1)(B),(C). Because we find the Magistrate Judge's Report and Recommendation (doc. 17) to be thorough, well-reasoned and correct, we hereby ACCEPT, ADOPT and AFFIRM it and OVERRULE Petitioner's Objections. Accordingly, Respondent's Motion to Dismiss is GRANTED and Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 5) is DISMISSED WITH PREJUDICE.

Further, the Court DECLINES to issue a certificate of appealability with respect to the claim alleged in Ground Three, because "jurists of reason" would not find it debatable whether it "should have been resolved in a different manner" or that the issues presented therein were "'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983) (citations and internal quotation marks omitted)); see 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).[4]

---

[4] Had Petitioner objected to the Magistrate Judge's recommendation that Grounds One and Two of the Petition be dismissed as time-barred, we additionally would have declined to issue a certificate of appealability with respect to them as well, because "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. See Slack, supra, at 484-85.

7

Finally, we CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Opinion and Order would not be taken in good faith; therefore, any application made by Petitioner to this Court to appeal in forma pauperis upon a showing of financial necessity will be DENIED. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: July 17, 2014	/s/ S. Arthur Spiegel
			S. Arthur Spiegel
			United States Senior District Judge